1998 OK JUD ETH 13

**JUDICIAL ETHICS OPINION 1998–13.**

**No. 1998–13.**

Oklahoma Judicial Ethics Advisory Panel.

Decided Aug. 14, 1998.

Filed: Aug. 25, 1998.

**QUESTION: May a judicial candidate place campaign materials at the headquarters of a political party?**

**WE ANSWER: NO.**

Canon 5(A)(1): "Except as authorized herein, a Judge or a candidate for election or appointment to judicial office should not:

(a) act as a leader of or hold an office in a political organization;

(b) publicly endorse or publicly oppose another candidate for public office;

(c) make speeches on behalf of a political organization or candidate or publicly endorse a candidate for public office; or

(d) solicit funds for, or pay an assessment to or make a contribution to a political organization or candidate, or purchase tickets for political party dinners or other functions.

First, we should note a judicial candidate cannot participate in partisan political affairs nor make known his/her party affiliation. 20 O.S. § 1404 and 1404.1. We also note Canon 5 does not specifically prohibit the action suggested in the question.

The Canons seek to prohibit all partisan political activities by judicial candidates. The only explicit exception is in 20 O.S. § 1404.1, which permits a judicial candidate to attend a political gathering upon payment of an admission fee and "for the sole purpose of campaigning in his own behalf for a judicial office." The spirit, if not the letter, of the Canons discourage even minimal partisan political activity.

It is our opinion, as a practical matter, the campaign literature of a judicial candidate should not be placed in a political party headquarters.

/s/ Robert L. Bailey, Chairman

/s/ Robert A. Layden, Vice Chairman

/s/ Milton C. Craig, Secretary